UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS WATT,<br>      Petitioner,<br><br>v.<br><br>RAYMOND MARCHILLI,<br>      Respondent. | **CIVIL ACTION**<br>**NO. 16-40045-DHH** |

## ORDER
May 20, 2016

**HENNESSY, M.J.**

Petitioner Francis Watt has filed a motion for appointment of counsel. For the reasons set forth below, the motion is denied without prejudice.

Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the Court may appoint counsel for a "financially eligible" habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the Court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself. *See United States v. Guadalupe-Quinones*, 65 Fed. Appx. 329, 333 (1st Cir. 2003); *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). In addition, if the Court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel. *See* Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Here, the Court cannot yet ascertain if the petitioner is financially eligible for the appointment of CJA counsel. Although Watt indicates in his motion and in his cover letter that he submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, the Clerk did not receive this document. Other than the general assertion that he cannot afford counsel, the petitioner did not submit any information concerning his financial status.

Further, the interests of justice do not require the appointment of CJA counsel at this stage of the proceedings. It appears that some of the claims have not been exhausted in state court, thus precluding the Court from providing any relief on the basis of such claims. *See* 28 U.S.C. § 2244(b); *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Further, upon an initial review of the petition, the claims do not seem to be legally or factually complicated. Finally, the Court needs to understand the respondent's position before determining whether the appointment of counsel would be merited. Because the petition has not even been served pending resolution of the filing fee, the respondent has not yet filed a response.

Accordingly, the motion for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal after the petition has been served and the respondent has responded to the petition.

SO ORDERED

/s/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE