# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
FRANCIS WATT,                )
         Petitioner,     )
)
)      **CIVIL ACTION**
vs.                  )      **NO. 16-40045-TSH**
)
RAYMOND MARCHILLI,   )
        Respondent,   )
_____)

## MEMORANDUM OF DECISION AND ORDER
### November 10, 2016

**HILLMAN, D.J.**

### Background

Francis Watt ("Watt" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") alleging the following grounds for relief:

Ground One: Petitioner was denied his constitutional right to effective assistance of counsel when his attorney failed to present mitigating factors to the sentencing court, such as his age, health and medical issues, resulting in him receiving an unjustly harsh sentence; and the case against him was based on circumstantial evidence and was weak and therefore, the trial court erred by denying Petitioner's motions for a required finding of not guilty.[1]

Ground Two: Petitioner's sentence was defective: the sentencing guideline range should have been considered and mitigating factors should have been applied.

---

[1] Respondent takes the position that the only claim asserted in Ground One of the Petition is for ineffective assistance of counsel for failing to present mitigating factors to the court at the sentencing hearing. I agree with the Respondent that Ground One of the Petition, which asserts multiple claims, is vague and ambiguous. However, Watt is proceeding _pro se_ and for that reason, his pleadings will be construed liberally. _See Ashmont v. Rosenblatt_, 118 F.3d 886, 890 (1st Cir. 1997). Interpreting the Petition liberally, I find that in Ground One, Watt is also asserting a claim that the trial judge erred by denying his motions for a required finding of not guilty. Watt has not identified the federal constitutional right which was allegedly violated with respect to this claim, however, again, construing the claim liberally, I will assume that he is raising a federal constitutional due process challenge to the sufficiency of the evidence.

<u>Ground Three</u>: Petitioner has obtained newly discovered evidence which would have impeached the alleged victim's credibility and changed the outcome of the trial.

<u>Ground Four</u>: The trial court erred by denying his motion to dismiss the indictment and he received ineffective assistance of counsel as the result of his attorney's failure to effectively argue for dismissal of the indictment and as the result of his appellate attorney's failure to raise the issue on appeal.

This Memorandum of Order and Decision addresses Respondent's Motion to Dismiss For Failure To Exhaust state Court Remedies (Docket No. 16) and Petitioner's Motion To Hold Habeas Corpus Petition In Abeyance (Docket No. 18).   More specifically, Respondent asserts that the Petition should be dismissed because Watt has failed to exhaust his state court judicial remedies with respect to all asserted grounds for relief. In turn, Watt has filed a motion requesting that the Court stay this proceeding to permit him to return to state court and exhaust his claims.   For the reasons set forth below, Respondent's motion to dismiss is *allowed* and Petitioner's motion to stay is *denied*.

## **Facts**

Watt was convicted by a jury of aggravated rape of a child, assault with intent to rape a child, and indecent assault and battery on a child under the age of fourteen years old. He filed a direct appeal of his conviction to the Massachusetts Appeals Court ("MAC") asserting that the trial judge erred by denying his motion for a directed finding of not guilty because there was insufficient evidence to support his convictions for aggravated rape and indecent assault and battery on a child under fourteen years of age. On May 20, 2015, the MAC affirmed Watt's conviction after finding that the verdicts were supported by an abundance of evidence, both direct and circumstantial. *See Commonwealth v, Watt,* 87 Mass.App.Ct. 1122

(2015)(unpublished opinion).   Watt filed an Application For Leave To Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC") asserting the following grounds for relief: (1) whether it was error to deny Watt's motion for a required finding of not guilty for the offense of aggravated rape where there was insufficient evidence to sustain the conviction; and (2) whether it was error to deny Watt's motion for a required finding of not guilty for the offense of indecent assault and battery on a child under fourteen years of age, where there was insufficient evidence to sustain the conviction. On June 26, 2015, the SJC denied Jimenez's ALOFAR. *See Commonwealth v. Watt*, 472 Mass. 1103 (2015) (Table).

## Discussion

### Whether Petitioner's Claims are Exhausted

"[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application". *See Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). "This exhaustion requirement … embodies principles of federal-state comity and is designed to provide state courts with an initial 'opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights'". *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002)(quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971))(alteration in original).   Furthermore, while "[a] petitioner need not express his federal claims in precisely the same terms in both state and federal courts," the claims presented in the petitioner's federal habeas petition must be substantially equivalent to the claims he presented to the state court. *Id.*, at 51-52 (citing *Picard*, 404 U.S. at 277-78, 92 S.Ct. at 513).

> A claim is fairly presented so long as it is made in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.' Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies … .
>
> The SJC has the power of discretionary review over decisions of the [MAC]. An unsuccessful party before the [MAC] seeks discretionary review from the SJC by filing an ALOFAR. The ALOFAR must include 'a statement of the points with respect to which further appellate review of the decision of the appeals court is sought.'

*Josselyn v. Dennehy*, 475 F.3d 1, 2-3 (1st Cir. 2007)(internal citations and citations to quoted authorities omitted).

I agree with the Respondent that it is clear on the face of the ALOFAR that Watt did not present his second, third and fourth grounds for relief to the state courts prior to filing his Petition. Moreover, to the extent that in ground one he is asserting a claim for ineffective assistance of counsel as the result of his attorney's failure to raise mitigating factors at his sentencing hearing, that claim was also not presented to the state courts. I do find that Watt at least raised with the state courts the claim asserted in ground one that it was error for the trial court to deny his motions for a required finding of not guilty for the offenses of aggravated rape and indecent assault and battery on a child under fourteen years of age. However, it is not enough that Watt presented the factual underpinnings of his claim to the state courts— Watt must have alerted the state courts as to existence of a federal question.

Neither party has provided the Court with copies of brief which Watt filed in his direct appeal to the MAC. In its decision denying Watt's appeal, the MAC cited only to Massachusetts case law. However, the First Circuit has found that the sufficiency of the evidence test under Massachusetts state law is "functionally identical to the *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct.

2781 (1979) standard the Supreme Court applies in sufficiency challenges." *Logan v. Gelb*, 790 F.3d 65, 71 (1ˢᵗ Cir. 2015)[2]. Therefore, I will assume that Watt alerted the MAC as to the federal nature of his claim. After the MAC denied his appeal, Watt filed an ALOFAR in which he presented two issues for SJC review: (1) whether it was error to deny his motion for a required finding of not guilty for the offense of aggravated rape where there was insufficient evidence to sustain the conviction; and (2) whether it was error to deny his motion for a required finding of not guilty for the offense of indecent assault and battery on a child under fourteen years of age where there was insufficient evidence to sustain the conviction. In support, Watt asserted that his convictions should not stand because there was insufficient evidence to support all of the essential elements of the offenses for which he was convicted. However, he did not expressly raise a claim for violation of his federal constitutional rights, cite to the federal constitution or cite to any cases discussing federal constitutional law. Moreover, nothing in his legal arguments would have alerted the SJC as to the presence of a federal claim for violation of his due process rights. Therefore, I find that Watt has also failed to exhaust this claim. Watt presumed that he had presented the Court with a so-called mixed petition— that is, a petition containing both exhausted and unexhausted claims.   He has filed a motion requesting that rather than dismiss his Petition, the Court stay the proceedings and permit him to return to state Court to exhaust his remedies. I will first address whether this stay and abeyance procedure, approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), applies to habeas petitions that contain only unexhausted

---

[2] "The operative question for determining sufficiency of the evidence is whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Logan*, 790 F.3d at 71 (internal citation marks and citation to quoted case omitted).

claims.   If I find that the *Rhines*' stay and abeyance procedure applies in such cases, I must then determine whether Watt has established good cause for entry of a stay.

<u>Whether Petitioner is Entitled to a Stay</u>

In *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982), the Supreme Court held that a federal district court could not adjudicate a mixed habeas corpus petition, that is a habeas petition containing both exhausted and unexhausted claims. Instead, a petitioner was given the option of deleting the unexhausted claims, or voluntarily dismissing the petition and returning to state court to fully exhaust his claims; once all claims were exhausted, the petitioner could refile his petition in the federal court.   However, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA"), Congress adopted a one-year statute of limitations for the filing of fully-exhausted claims in a federal habeas petition and did not provide for the tolling of the limitations period while a habeas petition was pending in federal court.   *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Consequently, petitioners who come to federal court with a mixed petition ran the risk of forever losing their opportunity for any federal review of their unexhausted claims. This is because dismissal of a timely filed federal habeas petition containing unexhausted claims after the limitations period has expired will likely mean the termination of any federal review. This is also true where the district court dismisses the petition close to the end of the one-year period because at that point, it is unlikely the petitioner will be able to exhaust his claims in state court before the limitations periods runs. To remedy this problem, the Supreme Court, in *Rhines,* approved a "stay and abeyance" procedure whereby rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner

exhausts the unexhausted claims.    Once all of the claims have been exhausted, the district court

can lift the stay and adjudicate the petition.

    Watt has presented the Court with a totally unexhausted Petition. While in *Rhines* the

Supreme Court held that a federal court can stay a mixed petition, it has not addressed whether a

federal court can stay a completely unexhausted Petition. Although the First Circuit has yet to

address this issue, several circuit courts that have done so have held that the *Rhines*' stay and

abeyance procedure applies where a petition raises only unexhausted claims. *See Mena v. Long*,

813 F.3d 907 (9th Cir. 2016) and cases cited therein (noting that the Third, Seventh and Tenth

Circuits have so held). Moreover, a judge in this District recently found that the *Rhines*' stay and

abeyance procedure applies to totally unexhausted petitions. *See Marchetti v. O'Brien*, Civ. Act.

No. 15-14151-GAP, 2016 WL 5660412 (D.Mass. Sep. 29, 2016)(adopting Report and

Recommendation of Cabell, U.S.M.J.)    I find that if presented with the issue, the First Circuit is

likely to align itself with those circuits that have held that federal courts have the authority to

stay petitions containing only unexhausted claims. The question now becomes whether Watt has

established the requisite good cause to be granted a stay under *Rhines*.

    In *Rhines*, the Supreme Court recognized that applying the "stay and abeyance" procedure

too frequently could undermine Congress' intent under the AEDPA to encourage finality in

criminal proceedings and to streamline the federal habeas process. *Rhines*. 544 U.S. at 277, 125

S.Ct. 1528. Thus, to obtain a stay of a mixed petition, the petitioner must show that there was

"good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and

there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 278, 125

S.Ct. 1528.    There is little authority on what constitutes "good cause" for failing to exhaust state

remedies. Relevant cases from the First Circuit make clear the bar for petitioners is high. *See Josselyn,* 475 F.3d at 5 (1st Cir. 2007)(finding that appellate attorney's erroneous belief that claims had already been exhausted was insufficient to show good cause for a stay). A petitioner's *pro se* status, in and of itself, cannot establish good cause. *See Sullivan v. Saba*, 840 F.Supp.2d 429, 437 (D.Mass. 2012). This is especially true where, as here, the petitioner was represented by counsel during state appellate proceedings. *Womack v. Saba*, No. 11-40138-FDS, 2012 WL 685888, 3 (D.Mass. Mar. 1, 2012). A decision by an attorney "to omit some claims [in state appellate proceedings] cannot amount to good cause" for a stay. *Clements v. Maloney*, 485 F.3d 158, 170 (1st Cir. 2007). Nor does "ignorance of the law" excuse a failure to exhaust state remedies. *Josselyn*, 475 F.3d at 5. Further, "a claim for ineffective assistance of counsel alone does not present good cause for a stay and abeyance." *Womack*, 2012 WL 685888 at *4.

The record does not support a finding of good cause for Watt's failure to timely exhaust his claims in state court.   In support of his request for stay, Watt asserts that while preparing to file his Petition, he discovered issues that could warrant a new trial and rather than await a response from an attorney reviewing the potential new claims, he opted to file his Petition prior to exhausting such claims. However, all of the claims asserted by Petitioner, other than his claim for newly discovered evidence asserted in ground three, were known to him at the time he filed his direct appeal. Watt has not offered any explanation as to why he did not include these claims in his direct appeal and his failure to have done so has likely resulted in their being procedurally defaulted (with the possible exception of his ineffective assistance of counsel claim, which is

generally raised on collateral review[3]). *See Logan v. Gelb*, 52 F.Supp3d 122, 129-30 (1st Cir. 2014)(failure to raise on direct appeal issue that was knowable at time of appeal constitutes waiver which is procedural default for purpose of habeas petition).   Watt has not included the factual underpinnings of his newly discovered evidence claim in his Petition and for that reason, the Court cannot evaluate whether he has been dilatory with respect to pursuing this claim in state court. Put another way, Watt has failed to establish that the evidence is in fact new or that he could not have discovered it earlier.   Watt has also failed to establish that any of his claims have merit.   For these reasons, Watt's motion for a stay is denied.[4]

### Conclusion

1.      Respondent's Motion to Dismiss For Failure To Exhaust State Court Remedies (Docket No. 16) is ***allowed***; and

2.      Petitioner's Motion To Hold Habeas Corpus Petition In Abeyance (Docket No. 18) is ***denied***.


                                        /s/ *Timothy S. Hillman*_____
                                        TIMOTHY S. HILLMAN
                                        U.S. DISTRICT JUDGE

---

[3] The general rule in Massachusetts is that claims of ineffective assistance of counsel are raised in a motion for new trial. *Commonwealth v. Zinser*, 446 Mass. 807, 10, 847 N.E.2d 1095 (2006).   However, where the factual underpinnings of the claim appear indisputably on the trial record, the ineffective assistance of counsel claim must be raised on direct appeal. *Id.* Based on how Petitioner has framed his ineffective assistance of counsel claim, it very well may be one that should have been raised on direct appeal.

[4]   The Court is mindful of the fact that outright dismissal of Watt's Petition may statutorily bar him from obtaining federal habeas relief in this Court because at this point, AEDPA's one-year statute of limitations has likely either run or is close to running out.   At the same time, Watt chose to proceed with the filing of his federal habeas petition before filing his motion for new trial in the state court. At the time he filed his Petition, he had ample time remaining under the statute of limitations; the filing of a timely motion for new trial in the state court would have tolled the running of the statute of limitations under the AEDPA. If Watt filed a motion for new trial with the state court during the pendency of this proceeding, then it is possible the running of the one-year limitations period has been tolled and he would have time to seek federal habeas review after exhausting his state court remedies.